IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHLEY NICOLE CARDENAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2607-K-BN |
| | § | |
| FIESTA MART, LLC, and | § | |
| CHEDRAUI USA INC, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendants Fiesta Mart LLC and Chedraui USA Inc filed a motion for summary judgment with a brief and appendix in support. *See* Dkt. Nos. 29, 30, & 31.

In addition to their response, Plaintiff Ashley Nicole Cardenas filed a Motion to Strike portions of Defendants' appendix – specifically, Exhibit C, Declaration of Isabel Reyna. *See* Dkt. Nos. 35 & 37.

And, in addition to their response to the Motion to Strike and reply to the Motion for Summary Judgment, Defendants filed a Motion for Leave to File Correct Copy of Summary Judgment Evidence. *See* Dkt. Nos. 41, 42, & 43. Cardenas filed a response to the Motion for Leave to File Correct Copy of Summary Judgment, *see* Dkt. No. 44, and Defendants filed a reply. *See* Dkt. No. 47.

**Background**

This case concerns an alleged slip and fall by Ashley Nicole Cardenas in a Fiesta Mart location. Cardenas filed a petition in state court, and Defendants timely

removed the case to this court. *See* Dkt. No. 1. Defendants filed an answer in state court. *See id.*

Defendants filed a motion for summary judgment which is currently pending in this court, *see* Dkt. No. 29, in connection with which the parties filed the pending motions listed above.

## Legal Standards and Analysis

Cardenas asks the Court to strike Exhibit C, Declaration of Isabel Reyna, because it is not signed or notarized, and so argues it is incompetent summary judgment evidence as an unsworn statement. *See* Dkt. No. 31 at 3-4.

Defendants explain that the declarant signed the statement, but a technological error erased the signature when the document was uploaded. *See* Dkt. No. 41 at 4. In their response and their motion for leave, Defendants request to file the signed declaration to correct any deficiency and argue that Cardenas will not suffer prejudice by filing the signed declaration after the scheduling deadline. *See id.* at 45; Dkt. No. at 42 at 4-5. They also attach a signed declaration confirming the contents of the motion. *See* Dkt. No. 42-1.

Cardenas opposes the motion as untimely and prejudicial. *See* Dkt. No. 44.

The Court has discretion to allow a party to cure the defects in summary judgment evidence. *See Arizpe v. Principal Life Ins. Co.*, 398 F. Supp. 3d 27, 52 (N.D. Tex. 2019) (*quoting Highland Cap. Mgmt. L.P. v. Bank of Am., Nat. Ass'n*, No. 3:10-CV-1632-L, 2013 WL 4502789, at *6 (N.D. Tex. Aug. 23, 2013), *aff'd sub nom. Highland Cap. Mgmt., L.P. v. Bank of Am.*, N.A., 574 F. App'x 486 (5th Cir. 2014)).

In determining whether to grant leave, courts have considered whether granting leave would "unduly prejudice" the opposing party or disrupt the Court's docket. *See Highland Cap. Mgmt.*, 2013 WL 4502789, at *9. Courts can also consider whether granting leave would be futile. *See Seneca Ins. Co. Inc. v. Bhagat Holdings, Ltd.*, No. 3:20-CV-0293-N, 2021 WL 5579763, at *4 (N.D. Tex. Nov. 10, 2021).

Alternatively, the Court can treat a motion to strike as an objection to the evidence and consider it when determining what weight to give the evidence. *See Lewis v. LSG Sky Chefs*, No. 3:14-cv-3107-M-BN, 2016 WL 6902546, at *5 (N.D. Tex. Oct. 26, 2016), *rep. & rec. adopted sub nom. Lewis v. Chefs*, No. 3:14-CV-3107-M, 2016 WL 6905960 (N.D. Tex. Nov. 22, 2016).

The Court finds that granting leave to file the signed declaration will not prejudice Cardenas, disrupt the Court's docket, or otherwise be futile. The bulk of Cardenas's argument centers on the fact that Defendants waited until the filing date to file their motion and accompanying appendix and did not attempt to correct the mistake until after the motion to strike was filed, which combined leads Cardenas to argue Defendants have "engaged in conscious indifference" and do not have good cause to file the corrected document. *See* Dkt. No. 44 at 2.

But the Court is not in the practice of punishing parties when the result would not be in the interest of justice or judicial economy. In this case, the Court will benefit from considering the full summary judgment record by allowing Defendants to cure the procedural error. And allowing Defendants to file the corrected declaration will not be futile, as it will correct the error. *See Seneca*, 2021 WL 5579763, at *4 (allowing

a party to submit an affidavit to authenticate a business record because the only deficiency in the record was lack of authentication); *see also MetroPCS v. Thomas*, 327 F.R.D. 600, 619 (N.D. Tex. 2018) ("[I]n the context of summary judgment motions, courts in this circuit have found an unsworn declaration to substantially comply with Section 1746 by including the statement that 'I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.'").

Cardenas also states that Defendants failed to conference with her before filing the motion for leave. *See* Dkt. No. 44 at 3. The purpose of the certificate of conference is to "require the parties to communicate and coordinate in good faith to attempt to resolve any nondispositive dispute without court intervention." *Brown v. Bridges*, No. 3:12-CV-4947-P, 2014 WL 2777373, at *2 (N.D. Tex. June 19, 2014). But "the conference requirement of Local Civil Rule 7.1 is not a sword to be used offensively, and it is not intended to multiply the disputes to be presented to the Court. At the same time, it is a requirement that this Court takes seriously and cannot be ignored or flouted by any counsel or *pro se* party." *Id*.

The Court notes that Cardenas's motion to strike, filed in tandem with her response to the motion for summary judgment, does not have a certificate of conference attached as required by Local Civil Rule 7.1. *See* Dkt. No. 31; N.D. TEX. L. CIV. R. 7.1(h). As Cardenas has also failed to follow Local Civil Rule 7.1, and the motion to leave is in response to the motion to strike, the Court will not deny Defendants' motion on this basis.

Cardenas further argues that she will be prejudiced because "allowing the addition of summary judgment at this late hour is inherently prejudicial. It is axiomatic that allowing one party to skirt the rules is unfair and prejudicial to the other party." Dkt. No. 44 at 3.

But, as Defendants explain, they are not presenting new claims or otherwise surprising Cardenas with new evidence. *See* Dkt. No. 42 at 4-5. And Cardenas had the opportunity to otherwise object to this evidence in her response. And, so, Cardenas will not be prejudiced by allowing Defendants to file the amended declaration.

## Conclusion

The Court DENIES Cardenas's Motion to Strike [Dkt. No. 37] and GRANTS Defendants' Motion for Leave to File Correct Summary Judgment [Dkt. No. 42].

SO ORDERED.

DATED: March 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE