IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ASHLEY NICOLE CARDENAS, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> FIESTA MART, LLC, and § <br> CHEDRAUI USA INC, § <br> § <br> Defendants. § | No. 3:22-cv-2607-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 27.

Defendants Chedraui USA Inc. ("Chedraui") and Fiesta Mart LLC ("Fiesta") have filed a Motion for Summary Judgment. *See* Dkt. No. 29. Plaintiff Ashley Nicole Cardenas filed a response, *see* Dkt. No. 35, and Defendants filed a reply, *see* Dkt. No. 43.

For the reasons explained below, the Court should grant Defendants' Motion for Summary Judgment [Dkt. No. 29].

## Background

This case concerns an alleged slip and fall by Plaintiff Ashley Nicole Cardenas in a Fiesta Mart location.

Cardenas filed a petition in state court, claiming negligence against Defendants and requesting monetary damages. *See* Dkt. No. 1-2 at Ex. 2. Cardenas alleges that, on June 20, 2021, in a Fiesta Mart in Dallas, Texas, she slipped on a foreign substance on the floor sustaining injuries to her left knee, left ankle, and back. *See id*. Cardenas states that Defendants had not put any warning signs near the foreign substance. *See id*.

Defendants timely removed the case on the basis of diversity jurisdiction. *See* Dkt. No. 1 at 2-3.

Defendants filed an answer in state court. *See* Dkt. No. 1-2 at Ex. 5.

After unsuccessful mediation, Defendants filed the current Motion for Summary Judgment. *See* Dkt. Nos. 26 & 29.

Cardenas filed a motion to strike Defendants' summary judgment evidence, and Defendants filed a motion for leave to file correct summary judgment. *See* Dkt. Nos. 37 & 42. The Court denied Cardenas's motion and granted Defendants' motion. *See* Dkt. No. 53. Pursuant to the Court's order, Defendants filed the corrected declaration of Isabel Reyna as summary judgment evidence. *See* Dkt. No. 54.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict

for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (cleaned up).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and

not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (cleaned up)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (cleaned up). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional

allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (cleaned up)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (cleaned up).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (cleaned up). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (cleaned up).

And, "[w]hen opposing parties tell two different stories, one of which is

blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*.

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (cleaned up). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (cleaned up).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (cleaned up).

## Analysis

The parties bring three issues before the Court for summary judgment: 1) whether Cardenas can properly bring a claim for negligence 2) whether Fiesta had

actual or constructive knowledge of the spill, and 3) whether Chedraui USA Inc. owed a duty to Cardenas in this action. The undersigned will address each in turn.

    I.    <u>Cardenas's claim is for premises liability.</u>

Cardenas brings a claim for negligence in her petition, stating, in addition to other elements, that she will show that:

> 1. The Defendants had actual or constructive notice of the condition that caused Plaintiffs injury;
> 2. That said condition posed an unreasonable risk of harm;
> 3. The Defendants failed to take reasonable steps or use reasonable care to reduce or eliminate the risk;
> 4. The Defendants failed to warn Plaintiff of the danger created by said condition; and
> The Defendants' failures as cited above were the direct and proximate cause of Plaintiff's injuries and related damages.

Dkt. No. 1-2 at 9.

Defendants argue that the negligence claim is properly a claim for premises liability. Cardenas argues that she cannot "properly evaluate the negligence claim because Defendant has not provided all the video surveillance footage. .... Defendant had a duty to preserve the surveillance video footage and should not be rewarded for spoliating evidence that is essential to the determination of Plaintiff's negligence claim." Dkt. No. 35 at 11.

As this Court has explained, "[u]nder the general umbrella of negligence, there are distinct species of claims" including a premises liability claim (also known as a premises defect claim) and a negligent activity claim. *See Odom v. Kroger Texas, L.P.*, No. 3:13-cv-579-D, 2014 WL 585329, at *3 (N.D. Tex. Feb. 14, 2014). "Although negligent activity and premises liability claims are branches of the same tree, they

are conceptually distinct." *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014).

As the United States Court of Appeals for the Fifth Circuit has recently stated,

[u]nderpinning this distinction "is the principle that negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." The Texas Supreme Court has "repeatedly characterized ... slip-and-fall claims as premises defect cases' because the alleged injuries in such cases are 'a result of a physical condition or defect left on the premises.'"

*Vasquez v. Home Depot USA, Inc.*, No. 23-20457, 2024 WL 1597756, at *3 (5th Cir. Apr. 12, 2024) (cleaned up).

While "[n]egligent activity cases are resolved by reference to the elements of ordinary negligence [(duty, breach, injury, proximate cause),] premises defect cases require proof of the [premises liability elements], including the defendant's actual or constructive knowledge of the condition and that the condition posed an unreasonable risk of harm." *Odom*, 2014 WL 585329, at *3 (cleaned up).

The Fifth Circuit has held that a plaintiff "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury." *Austin*, 746 F.3d at 197.

Cardenas has alleged that she slipped on a substance on the floor, and so her "injuries are properly conceived as resulting from a condition on the premises rather than an ongoing activity." *See id.* at 196 (cleaned up). And some of the elements Cardenas pleads in her negligence claim are the same elements necessary for a premises liability claim. *See Gonzalez v. Walgreen Co.*, No. 1:21-CV-1184 JRN, 2024

WL 1235563, at *2 (W.D. Tex. Mar. 1, 2024) ("To prevail on a premises liability claim, an injured invitee must establish four elements: (1) the property owner had actual or constructive notice of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." (citations omitted)).

In her response, Cardenas states that there is a "genuine dispute of material fact on the element of premises liability" and argues some of the elements of premises liability, including that Defendants had actual/constructive knowledge of the harm and that the lack of warning signs caused an unreasonable risk of harm to invitees. *See* Dkt. No. 35 at 8-11.

As the Texas Supreme Court has stated,

> [e]ven if [plaintiff] attempted to characterize his claim as something other than premises liability, [c]reative pleading does not change the nature of a claim. [I]f a claim is properly determined to be one for premises defect, a plaintiff cannot circumvent the true nature of the claim by pleading it as general negligence.

*United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 480 (Tex. 2017) (cleaned up); *accord H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992) ("While [plaintiff's] petition alleged specific acts of negligence 'among others,' we hold that her First Amended Original Petition, fairly read, alleged only a claim based upon premises liability. Although [plaintiff] maintains that she has been denied her alternative, negligent failure to pre-bag chicken theory of liability, it is undisputed that she was injured by a condition of the premises – a puddle of water, chicken blood,

and other fluids that had accumulated on the floor – rather than a negligently conducted activity. Thus, [plaintiff's] only potential cause of action is limited to a premises liability theory, which was submitted by the trial court.").

Based on Cardenas's characterization of her injury, her only potential cause of action is for premises liability. And plaintiffs are not permitted to bring both a negligent activity and premises liability claim.

And, so, the undersigned will construe her claim as one for premises liability.

II. There is no genuine issue of material fact as to whether Defendants had actual or constructive knowledge of the spill.

"'To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.'" *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (cleaned up).

Defendants argue that there is no genuine dispute of material fact as to the first element – whether they had actual or constructive knowledge of the substance on the floor. *See* Dkt. No. 30 at 8-12. Cardenas contends that Defendants had actual or constructive knowledge of the substance, among other allegations. *See* Dkt. No. 35 at 9-10.

"A slip-and-fall plaintiff satisfies [the knowledge] element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Alonzo v. Cajun Operating Co.*, No. 23-40250, 2024 WL 962378, at *3 (5th Cir. Mar. 6, 2024) (cleaned up).

Cardenas does not allege that Defendants placed the liquid on the floor. As for actual knowledge of the substance, Cardenas cites the incident report that states "smear water. [E]mployee Davion already had clean up some of the water. But there was still some smear water on the floor." Dkt. No. 35 at 10. Cardenas argues that the incident report indicates that "an employee had previously cleaned up the water and that a smear of water, not cleaned up," caused Cardenas to fall, showing a genuine dispute of material fact as to actual knowledge. *See id.* at 5, 12.

Defendants support their motion with the declaration of Isabel Reyna, who states that:

> On that report, there is a section titled "Investigation Findings." In that section, I wrote "smear water, employee Davion already had clean up some of the water, but there was still some water smear on floor." The cleanup referred to in this section occurred after Plaintiff's fall, not before. That cleanup that is referenced can be seen in the store surveillance footage retained for this incident.
> No one from Fiesta knew there was anything on the floor in that area prior to Plaintiff's fall. When I mention that Davion had cleaned up some of the water but there was still some smeared on the floor, I was referring to his cleanup after the incident and what I saw once I arrived at the scene. That section of the incident report in no way refers to any prior knowledge or prior cleanup that happened before Plaintiff's incident.

Dkt. No. 54 at 2.

Cardenas's objections to the admissibility of this declaration as articulated in her response and Motion to Strike have already been ruled on by this Court. *See* Dkt. No. 35 at 10; Dkt. No. 37; Dkt. No. 53.

"When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). But, presented only with the incident report and the declaration, both written by Reyna, and drawing all reasonable inferences in Cardenas's favor of the nonmoving party, the Court – presented only with Cardenas's unsubstantiated assertion based on a reading of a report that its author dispels – should conclude that no reasonable jury could return a verdict for Cardenas as to the element of actual knowledge.

Cardenas further argues that, since she was not provided the video footage of the area before the incident, the undersigned should presume that the footage is "favorable to Plaintiff's case" "based on the spoliation principles". Dkt. No. 35 at 11.

> "Spoliation of evidence is the destruction or the significant and meaningful alteration of evidence. We permit an adverse inference against the spoliator or sanctions against the spoliator only upon a showing of bad faith or bad conduct."

*Van Winkle v. Rogers*, 82 F.4th 370, 374 (5th Cir. 2023) (cleaned up); *see also* FED. R. CIV. P. 37(e)(2) (governing alleged spoliation of electronically-stored information and requiring a "finding that the party acted with the intent to deprive another party of the information's use in the litigation" before a court can sanction the spoliating party

by "instruct[ing] the jury that it may or must presume the information was unfavorable to the party").

In discussing spoliation and video footage regarding a slip and fall, the Fifth Circuit recently explained that

> [Plaintiff] is not entitled to an adverse inference based on spoliation for the simple reason that she has failed to show that any spoliation occurred. She assumes, without any apparent justification, that because [defendant] never produced the thirty minutes of footage preceding her fall, it must have "accidentally erased or lost" it. But there is no evidence to support that conclusion. Indeed, her briefing makes clear that her qualm is not any destruction of the footage (i.e., spoliation), but [defendant]'s failure to produce the footage in response to her discovery requests.

*Miller v. Michaels Stores, Inc.*, No. 23-30393, 2024 WL 1461358, at *5 (5th Cir. Apr. 4, 2024); *see also Cleary v. Am. Airlines, Inc.*, No. 4:21-cv-184-O, 2022 WL 5320126, at *7 (N.D. Tex. July 22, 2022) ("To apply Rule 37(e) sanctions, a court must determine that the following four predicate elements exist: (1) there is ESI that should have been preserved; (2) that ESI has been lost; (3) the ESI was lost because of a party's failure to take reasonable steps to preserve it; and (4) the ESI cannot be restored or replaced" through additional discovery. (cleaned up)).

The Fifth Circuit further explained that, because "[plaintiff] moved in the district court for an adverse inference based on spoliation, rather than to compel production of the remainder of the footage, her right to receive that footage was never properly before the district court." *Miller*, 2024 WL 1461358, at *5.

Cardenas has already had the opportunity to use the proper channels to compel the video footage of the store before her incident. *See* Dkt. No. 25. The Court found that "there is no basis to order Fiesta to produce additional responsive documents

where it reports that it has produced all of the surveillance footage that it has in its possession regarding this incident." Dkt. No. 48. Cardenas produces no evidence of spoliation.

And, so, the Court should not grant Cardenas's request for an adverse inference.

Cardenas also cannot show a genuine issue of material fact as to constructive knowledge. To establish constructive knowledge for premises liability,

> "there must be *some* proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." [*Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) (emphasis added).] "Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach [the Texas Supreme Court has] clearly rejected." *Id*. Moreover, "when circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." [*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).] If circumstantial evidence "supports only the possibility that the dangerous condition existed long enough to give [the premises owner] a reasonable opportunity to discover it," the premises owner cannot be charged with constructive notice. *Id*.

*McCarty v. Hillstone Rest. Grp.*, Inc., 864 F.3d 354, 359-60 (5th Cir. 2017).

Constructive knowledge must be proven through the "time-notice rule." *Reece*, 81 S.W.3d at 816. Plaintiffs can use circumstantial evidence such as proximity of an employee to the condition, conspicuity of the condition, and longevity of the condition to show constructive knowledge. *See Pena v. Home Depot U.S.A.*, Inc., 32 F. Supp. 3d 792, 797 (S.D. Tex. 2013); *Moreno v. Wal-Mart Stores Texas, LLC*, 506 F. Supp. 3d 503, 508 (S.D. Tex. 2020).

Cardenas does not provide any evidence about the size or condition of the liquid. Cardenas states that the "seven seconds prior to the Subject incident occurring shows that there were no warning signs posts" and argues that Defendants should have put up warning signs, which could relate to the longevity of the condition. Dkt. No. 35 at 11. Cardenas states that the store video footage that she has received shows that "there were no employees standing at the site of the spilled water before the Subject Incident occurred." *Id.* at 13. Cardenas describes an employee near the incident in her deposition. *See* Dkt. No. 31-1 at 24.

Defendants reply that the condition could not be seen in the video provided to Cardenas. *See* Dkt. No. 43 at 6.

Considering the evidence in the light most favorable to Cardenas, she has at most shown that the liquid was on the floor for seven seconds prior to her fall. This is not sufficient evidence to create a fact issue as to constructive notice. *See Murray v. Chick-Fil-A, Inc.*, 626 F. App'x 515, 518 (5th Cir. 2015) (finding liquid on the floor for a few minutes was not sufficient to create a fact issue of constructive notice).

Because Cardenas has not provided evidence to create a genuine issue of material fact as to whether Defendants had actual or constructive knowledge of the substance on the floor, her claim cannot survive summary judgment.

III. <u>The issue of whether Chedraui had a duty to Cardenas or not is moot.</u>

Defendants argue that Chedraui did not own or operate the store at issue and so Cardenas has no evidence Chedraui "breached any alleged duty owed to Plaintiff." *See* Dkt. No. 30 at 7.

Cardenas argues that Chedraui, albeit under a different name, did own or operate the store as the sole member of Fiesta Mart LLC at the time of the incident. *See* Dkt. No. 35 at 9.

Defendants confirmed that Fiesta Mart "was wholly owned by and a subsidiary of, Bodega Latina Corp," which has since changed its name to Chedraui, USA Inc. *See* Dkt. No. 1-2 at 31.

Even if Chedraui did have a duty to Cardenas – which the undersigned declines to resolve – Cardenas's premises liability claim would fail for the reasons stated above. And so, Cardenas's premises liability claim cannot survive summary judgment against either defendant.

## Conclusion

The Court should grant Defendants' Motion for Summary Judgment [Dkt. No. 29] and dismiss all of Plaintiff Ashley Nicole Cardenas's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: April 26, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE